CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Dwain Lammey**, | Case No. |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence |
| v. | |
| **Bank of America, National Association**; and Does 1-10, | |
| Defendants. | |

Plaintiff Dwain Lammey complains of Defendants Bank of America, National Association; and Does 1-10, ("Defendants") and alleges as follows:

**PARTIES**:

1. Plaintiff is a California resident with physical disabilities. He is a quadriplegic who uses a wheelchair for mobility.

2. Defendants are, or were at the time of the incidents, the real property owners, business operators, lessors and/or lessees for Bank of America bank ("Bank") located at or about 11525 Crenshaw Blvd., Inglewood, California.

3. Plaintiff does not know the true names of Defendants, their business

1

Complaint

1  capacities, their ownership connection to the property and business, or their
2  relative responsibilities in causing the access violations herein complained of,
3  and alleges a joint venture and common enterprise by all such Defendants.
4  Plaintiff is informed and believes that each of the Defendants herein,
5  including Does 1 through 10, inclusive, is responsible in some capacity for
6  the events herein alleged, or is a necessary party for obtaining appropriate
7  relief. Plaintiff will seek leave to amend when the true names, capacities,
8  connections, and responsibilities of the Defendants and Does 1 through 10,
9  inclusive, are ascertained.

10
11  **JURISDICTION & VENUE:**
12  4.   This Court has subject matter jurisdiction over this action pursuant to
13  28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans
14  with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.
15  5.   Pursuant to pendant jurisdiction, an attendant and related cause of
16  action, arising from the same nucleus of operative facts and arising out of the
17  same transactions, is also brought under California's Unruh Civil Rights Act,
18  and the California Disabled Persons Act, which acts expressly incorporate the
19  Americans with Disabilities Act.
20  6.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is
21  founded on the fact that the real property which is the subject of this action is
22  located in this district and that Plaintiff's cause of action arose in this district.
23
24  **FACTUAL ALLEGATIONS:**
25  7.   The Plaintiff has gone to the Bank at least four times during the
26  relevant statutory period, including September of 2014, October 2014,
27  November 2014, and December 2014, to cash his checks.
28  8.   The Bank is a facility open to the public, a place of public

2

Complaint

accommodation, and a business establishment.

9. Transaction counters are one of the facilities, privileges and advantages offered by defendants to their customers at the Bank.

10. At the Bank, there are a number of service counters for surface transactions between the bank tellers and the customers. Although there is a lowered teller window, where disabled customers can theoretically conduct business with banking personnel, this lowered section of the counter was not open, was not manned, and was not made available when plaintiff visited the Bank. Instead, even though plaintiff wanted to use the lowered counter, and asked to use the lowered window, an employee of the bank told the plaintiff to handle his transactions at a higher counter because the lowered counter window is only used for customers who have a safety deposit box at the bank.

11. Defendants do not have a policy or procedure in place to providing assistance to disabled customers at the lowered counter. Instead, defendants assist disabled customers at the higher window, in violation of the law. On the days of plaintiff's visits, he was forced to conduct his transactions at the higher windows because of defendant's policy and practice of assisting disabled customers at the higher window.

12. The plaintiff personally encountered this problem. The plaintiff was denied full and equal access and this caused him difficulty and frustration. Plaintiff would like to return to the bank but will be deterred so long as defendants continue to maintain a policy that results in disabled customers using higher transaction counters in violation of the law.

13. Plaintiff would like to return and patronize the Bank but will be deterred from visiting until the defendants cure the violation. On several occasions the plaintiff has been deterred because of his knowledge of the barriers. Plaintiff lives about 9 miles from the Bank. The Bank is conveniently located. He would like to return.

Complaint

14. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

15. Given the obvious and blatant violations, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2007) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42  U.S.C. section 12101, et seq.)

16. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

17. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

      a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the

Complaint

accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

18. Pursuant to section 7.2 of the ADAAG, in areas used for transactions that may not have a cash register but at which goods or services are sold or distributed including, but not limited to, ticketing counters, teller stations, registration counters in transient lodging facilities, information counters, box office counters and library check-out areas, either:

(i) a portion of the main counter which is a minimum of 36 inches in length shall be provided with a maximum height of 36 inches; or

(ii) an auxiliary counter with a maximum height of 36 inches in close proximity to the main counter shall be provided; or

(iii) equivalent facilitation shall be provided (e.g., at a hotel registration counter, equivalent facilitation might consist of: (1) provision of a folding shelf attached to the main counter on which an individual with a disability can write, and (2) use of the space on the side of the counter or at the concierge desk, for handing materials back and forth).

Complaint

19. In our case, even though the defendants have a compliant lowered transaction counter, the defendants failed to provide a lowered transaction counter for plaintiff to use for his banking transactions. Instead, plaintiff was directed to use the higher transaction counters, which are not suitable for disabled customers who need a lowered transaction counter to conduct banking business. It is not enough to have a lowered transaction counter if the defendants do not use the counter to conduct business with those for whom the counter was meant for. In our case, it was as though the lowered counter did not exist because plaintiff was forced to use a higher transaction counter meant for the general public.

20. The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against and, additionally, have specific duties to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these obligations.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

21. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ.

Complaint

Code § 51(f), 52(a).)

23. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ.§ 54-54.8)

24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

25. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

26. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

27. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

28. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible

Complaint

facilities to the plaintiff. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.

Dated: February 25, 2015          CENTER FOR DISABILITY ACCESS

By:_____
Mark Potter, Esq.
Attorneys for Plaintiff

8

Complaint